ELECTRONICALLY FILED
Dec 11 2018
U.S. DISTRICT COURT
Northern District of WV

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF WEST VIRGINIA
CLARKSBURG DIVISION

| | | |
|---|---|---|
| LISA CHAPLIN, | § | |
| Plaintiff, | § | DOCKET NO.  1:18-cv-222 (Keeley) |
| v. | § | |
| PREMIER CHEVROLET BUICK GMC OF MORGANTOWN, INC. | § | JURY TRIAL DEMANDED |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

### I. SUMMARY

1. Lisa Chaplin ("Plaintiff") brings this lawsuit to recover damages resulting from unpaid working time stemming from overtime violations by Defendant Premier Chevrolet Buick GMC of Morgantown, Inc. ("Defendant") under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, ("FLSA") and West Virginia Maximum Hours and Overtime Compensation statute, W.Va. Code § 21-5C-3.

2. Defendant misclassified Plaintiff as "exempt" from the FLSA and required her to work hours in excess of 40 in a week without overtime pay equal to one and one-half times her regular rate of pay.

### II. JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the Fair Labor Standards Act.

4. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over Plaintiff's claims under the West Virginia Maximum Hours and Overtime Compensation statute.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

### III.   THE PARTIES

6. Plaintiff Lisa Chaplin is a citizen and resident of Morgantown, Monongalia County, West Virginia.

7. Defendant Premier Chevrolet Buick GMC of Morgantown, Inc., is a West Virginia for-profit corporation with its principal place of business in Morgantown, Monongalia County, West Virginia.

### IV.   FACTS

8. Plaintiff worked for Defendant as an accounting clerk from approximately January 2016 through October 25, 2018.

9. As an accounting clerk, Plaintiff's primary job duties included stocking new and used car inventory, general office filing, preparing (but not signing) checks, posting car deals to the general ledger and the data entry of accounts payable and accounts receivable.

10. Plaintiff's job duties were primarily clerical in nature.

11. Plaintiff did not have any supervisory or management duties.

12. Plaintiff's job duties did not include the exercise of discretion and independent judgment with respect to matters of significance for Defendant's business.

13. On or about April 23, 2016, Defendant switched Plaintiff from being paid hourly to being paid salary, but Plaintiff's job duties were basically left unchanged.

14. With the switch of paying Plaintiff a salary rather than hourly, Defendant constructively misclassified Plaintiff as "exempt" from overtime pay under the Fair Labor Standards Act.

15. Plaintiff was paid a salary until approximately mid-September 2018, when Defendant switched back to paying Plaintiff an hourly wage.

16.  Plaintiff regularly worked in excess of forty (40) hours in a workweek.

17.  Defendant failed to pay Plaintiff one and one-half times her regular rate for each hour worked over forty (40) in a workweek.

## V.  COVERAGE UNDER THE FLSA

18.  At all times hereinafter mentioned, Defendant has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

19.  At all times hereinafter mentioned, Defendant has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

20.  At all times hereinafter mentioned, Defendant has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that Defendant has had and have an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

21.  At all times hereinafter mentioned, Plaintiff was engaged in commerce or in the production of goods for commerce.

## VI.  FLSA VIOLATIONS

22.  Plaintiff incorporates all previous paragraphs as if stated fully herein.

23.  Defendant employed Plaintiff from approximately January 2016 through October 25, 2018.

24.  Plaintiff is afforded the protections of the Fair Labor Standards Act.

25. Defendant misclassified Plaintiff as "exempt" under the Fair Labor Standards Act.

26. During the limitations period, including from April 23, 2016 through September 2018, Defendant had a policy and practice of refusing to pay Plaintiff overtime for hours worked in excess of 40 per week.

27. Upon information and belief, Defendant switched Plaintiff from being paid hourly to being paid salary so that Defendant could unlawfully avoid paying Plaintiff overtime wages.

28. Defendant's failure to pay Plaintiff overtime at rates not less than one and one-half time her regular rate is a violation of 29 U.S.C. § 207.

29. Defendant knowingly, willfully, and/or in reckless disregard carried out this illegal pattern or practice of failing to pay Plaintiff overtime compensation. Defendant's failure to pay overtime compensation to Plaintiff was neither reasonable, nor was the decision not to pay overtime made in good faith.

30. Accordingly, Plaintiff is entitled to all unpaid overtime wages under the FLSA, plus liquidated damages, attorney's fees, costs and the expenses of this action.

VII. **VIOLATION OF WEST VIRGINIA MAXIMUM HOURS AND OVERTIME COMPENSATION STATUTE - W.VA. CODE § 21-5C-3**

31. Plaintiff incorporates all previous paragraphs as if stated fully herein.

32. The conduct alleged in this complaint violates the West Virginia Maximum Hours and Overtime Compensation statute (W.Va. Code § 21-5C-3).

33. At all relevant times, Defendant was subject to the requirements of the West Virginia Maximum Hours and Overtime Compensation statute.

34. At all relevant times, Defendant employed Plaintiff with West Virginia state law claims as an "employee" within the meaning of the West Virginia Maximum Hours and Overtime Compensation statute.

35. The West Virginia Maximum Hours and Overtime Compensation statute requires employers like Defendant to pay employees at one and one-half (1.5) times the regular rate of pay for hours worked in excess of forty (40) hours in any one week.

36. Defendant had a policy and practice of misclassifying Plaintiff and failing to pay Plaintiff overtime for hours worked in excess of 40 hours per workweek.

### VIII. JURY DEMAND

37. Plaintiff demands a trial by jury.

### IX. RELIEF SOUGHT

38. WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

   a. For an Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff, for liquidated damages equal in amount to the unpaid wages found due to Plaintiff, attorney fees, costs, and pre-judgment and post-judgment at the highest rates allowed by law;

   b. For an Order finding Defendant liable for unpaid back wages to Plaintiff under the West Virginia Maximum Hours and Overtime Compensation statute, W.Va. Code § 21-5C-3, and for all remedies available to Plaintiff under W.Va. Code § 21-5C-8;

   c. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ P. Zachary Stewart
P. ZACHARY STEWART, ESQ. (#11418)
Law Office of P. Zachary Stewart
3169 Main Street, Suite A
Weirton, WV 26062
Phone: (304) 914-3577
Fax: (304) 212-7919
zstewart@pzslaw.com
*Counsel for Plaintiff*